AO 442 (Rev. 01/09) Arrest Warrant

✔ FILED ___ RECEIVED         *192063*

___ ENTERED ___ SERVED ON
~~COUNSEL/PARTIES OF RECORD~~

# UNITED STATES DISTRICT COURT

for the

District of Nevada

2010 JUL -1  A 9: 22

CLERK US DISTRICT COURT
DISTRICT OF NEVADA

|  |  |  |
|---|---|---|
| United States of America | ) | BY_____ DEPUTY |
| v. | ) | |
| | ) | Case No.  2:10-cr-286   PMP-RJJ |
| KAREN TAPPERT | ) | |
| Defendant | ) | |

## ARREST WARRANT

To:     Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*   KAREN TAPPERT
who is accused of an offense or violation based on the following document filed with the court:

☑ Indictment      ☐ Superseding Indictment      ☐ Information      ☐ Superseding Information      ☐ Complaint
☐ Probation Violation Petition      ☐ Supervised Release Violation Petition      ☐ Violation Notice      ☐ Order of the Court

This offense is briefly described as follows:

18 U.S.C. § 1341 - MAIL FRAUD
18 U.S.C. § 1343 - WIRE FRAUD

LANCE S. WILSON                                       June 16, 2010 Las Vegas NV

**CLERK**

*Lance S. Wilson*                                     DATE

**(By) DEPUTY CLERK**

### Return

| | |
|---|---|
| This warrant was received on *(date)* 06/17/10 , and the person was arrested on *(date)* 06/30/10 | |
| at *(city and state)* HENDERSON, NV | |

Date:  06/30/10

FBI SA J ROY DAMPIER                    _____
                                         Arresting officer's signature

                                         _____
                                         Printed name and title

DANIEL BOGDEN
United States Attorney
MICHAEL CHU
Assistant United States Attorney
333 Las Vegas Blvd. South, Suite 5000
Las Vegas, Nevada  89101
(702) 388-6336

FILED
ENTERED

JUN 16 2010

CLERK US DISTRICT COURT
DISTRICT OF NEVADA

BY                                    DEPUTY

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
## -oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL INDICTMENT |
| Plaintiff, | 2:10-CR-_286_ |
| v. | VIOLATIONS: |
| KAREN TAPPERT, | 18 U.S.C. § 1341 - Mail Fraud<br>18 U.S.C. § 1343 - Wire Fraud |
| Defendant. | |

**THE GRAND JURY CHARGES THAT:**

At all times relevant to this Indictment:

### Introduction

1.    From in or about late 2007, to in or about November 2009, KAREN TAPPERT offered, by word of mouth, a mortgage rescue service, but the way she "rescued" mortgages was by recording fraudulent deeds that purported to convey the property from the true title holder to an entity that she controlled.  This conduct forms the basis for Counts One to Three, and involves the following properties:

Counts 1-2:        3012 Amari Avenue, Las Vegas, NV 89141

Count 3:      1601 Imperial Cup Dr., Las Vegas, NV 89117

2.    TAPPERT also engaged in a "Squatter's scheme" whereby, she squatted on abandoned properties in which she had no ownership right.  From in or around December 2009, to at least February 2010, TAPPERT found properties that had already been foreclosed upon, and filed fraudulent deeds that purported to convey the property from the true title

holder to an entity that she controlled. TAPPERT gained use of the property and, if she could, either rented out the property – or sold it. This conduct forms the basis for Counts Four to Six, and involves the following properties:

Count 4:     32 Via Vasari #28106, Henderson, NV 89011

Count 5:     612 Diamond St., Farmington, NM 87401

Count 6:     675 Gregory Circle, Corona, CA 92881

3.     Among the entities that TAPPERT controlled and used to further her scheme to defraud include: AMARI GROUP, REIFICATION GROUP TRUST, SARALAND INVESTMENTS, DESCHUTES RIVER TITLE ASSOCIATES, NORTHWEST PROPERTIES ASSOCIATES and NORTHWEST PROPERTIES ASSOCIATES, ASSET-BACKED CERTIFICATES, SERIES 2006-FF1.

4.     TAPPERT also controlled "FEDERAL NATIONAL MORTGAGE ASSOCIATION," an entity that conducted business at 284C East Lake Mead Dr. #173, Henderson, NV 89015, and which is not related to the identically-named government-sponsored enterprise chartered by Congress.

## COUNTS ONE AND TWO
### Mail Fraud

5.     The allegations set forth in the Introduction are re-alleged and incorporated by reference.

6.     On the date identified below, in the State and Federal District of Nevada and elsewhere,

**KAREN TAPPERT,**

defendant did devise, intend to devise and willfully participate in, a scheme and artifice to defraud and for obtaining property and money by means of false and fraudulent pretenses, representations, and promises.

.  .  .

.  .  .

2

## Manner and Means of the Fraudulent Mortgage Rescue Scheme

7.     As part of the "Mortgage Rescue" scheme to defraud, defendant did all of the following:

**A.    Counts 1 and 2:  3012 Amari Avenue, Las Vegas, NV 89141**

8.     Prior to 2007, E.G. purchased 3012 Amari Avenue, but E.G. fell behind on mortgage payments and received notice that the mortgage holder intended to foreclose. E.G. heard that TAPPERT rescued mortgages, so E.G. contacted TAPPERT.

9.     In late 2007 or 2008, E.G. met TAPPERT. TAPPERT explained to E.G. that she would mail letters to the entities relating to E.G.'s mortgage.  E.G. paid TAPPERT $750.00, and at TAPPERT's request, allowed TAPPERT to live in 3012 Amari Avenue in lieu of further payment.  E.G. later learned that TAPPERT had rented out this property.

10.    From in or about November 2009 to in or about April 2010, the tenant mailed rent checks of $1,000.00 per month to AMARI GROUP.

11.    In or about January 2009, 3012 Amari Avenue was foreclosed upon and title was conveyed to Deutsche Bank National Trust Company, as trustee under the Pooling and Servicing Agreement relating to IMPAC Secured Assets Corp., Mortgage Pass-Through Certificates, Series 2006-2.

12.    On or about April 27, 2009, TAPPERT fraudulently obtained the property by causing a fraudulent deed to be filed with the Clark County Recorder's Office.  This fraudulent deed purported to convey "Deutsche Bank National Trust Company"'s interest in the property to REIFICATION GROUP TRUST, an entity that TAPPERT controlled, in exchange for "Zero ($0.00)." TAPPERT acted as notary public to notarize the signature of "Arthur L. Davis," the purported representative of Deutsche Bank National Trust Co.   In reality, however, Deutsche Bank National Trust Co. did not convey the property to REIFICATION GROUP TRUST, TAPPERT or any entity controlled by her, nor authorized anyone to do so.

3

13.   TAPPERT caused her fraudulent deed to be filed on or about April 27, 2009, but apparently, it was not recorded in the Clark County real property records.  On or about June 8, 2009, TAPPERT caused the fraudulent deed to be re-filed with the Clark County Recorder's Office.

**B.   Count 3: 1601 Imperial Cup Dr., Las Vegas, NV 89117**

14.   Prior to October 2009, 1601 Imperial Cup was owned by K.G., but K.G. fell behind on mortgage payments and received notice that the mortgage holder intended to foreclose. K.G. learned that TAPPERT would rescue his mortgage in exchange for $1,800.00. K.G. met with a representative of the AMARI GROUP named "Howard."  K.G. refused to pay this fee, but signed a quitclaim deed that "Howard" produced, conveying what rights K.G. had in this property to the AMARI GROUP.

15.   Later, 1601 Imperial Cup was foreclosed upon, and in or about November 2009, title was conveyed to the true Federal National Mortgage Association, more commonly known as "Fannie Mae."

16.   On or about November 21, 2009, TAPPERT caused a fraudulent UCC-1 financing statement to be filed from Nevada with the Washington State Department of Licensing in Olympia, Washington.  This financing statement falsely claimed that Federal National Mortgage Association owed a $335,000 debt to the AMARI GROUP and an unindicted co-conspirator.

17.   On or about November 25, 2009, TAPPERT fraudulently obtained the property by causing a fraudulent deed to be filed with the Clark County Recorder's Office.  This fraudulent deed purported to convey Federal National Mortgage Association's interest in 1601 Imperial Cup to AMARI GROUP.  TAPPERT signed the deed, falsely representing herself as the "authorized agent" for the Federal National Mortgage Association.

4

18.    In reality, however, the true Federal National Mortgage Association did not convey the property to AMARI GROUP, TAPPERT or any entity controlled by her, nor authorized anyone to do so.

### Manner and Means of the"Squatter's Scheme" to Defraud

19.    As part of the "Squatter's scheme" to defraud, defendant did all of the following:

### C.    Count 4: 32 Via Vasari #28106, Henderson, NV 89011

20.    In or about September 2009, 32 Via Vasari #28106 was foreclosed upon, and  title was conveyed to Deutsche Bank National Trust Company, as trustee of IndyMac INDX Mortgage Loan Trust 2006-AR-15, Mortgage Pass-Through Certificates, Series 2006-AR15 under the Pooling and Servicing Agreement dated May 1, 2006.

21.    On or about December 22, 2009, TAPPERT fraudulently obtained the property by causing a fraudulent deed to be filed with the Clark County Recorder's Office. TAPPERT caused this fraudulent deed to be filed online, via SimpliFile, an online filing system whose servers are located in Utah. In turn, SimpliFile in Utah electronically filed TAPPERT's fraudulent deed with the Clark County Recorder's Office.

22.    This fraudulent deed purported to convey IndyMac's interest in 32 Via Vasari, # 28106 to "FEDERAL NATIONAL MORTGAGE ASSOCIATION," at 284C East Lake Mead Dr. #173, Henderson, NV, an entity and address that TAPPERT controlled.

23.    Unlike the true Federal National Mortgage Association (more commonly known as "Fannie Mae"), TAPPERT's "FEDERAL NATIONAL MORTGAGE ASSOCIATION" is not related to the identically-named government-sponsored enterprise chartered by Congress.

24.    TAPPERT signed the fraudulent deed, falsely representing herself as the "authorized agent" for Deutsche Bank National Trust Co.  In reality, however, the true Deutsche Bank National Trust Co. did not convey the property to the "FEDERAL NATIONAL

MORTGAGE ASSOCIATION," TAPPERT or any entity controlled by her, nor authorized anyone to do so.

**D.      Count 5: 612 Diamond St., Farmington, NM 87401**

25.      In or about September 2009, 612 Diamond St. was foreclosed upon, and title was conveyed to Deutsche Bank National Trust Company, as trustee for Saxon Asset Securities Trust 2007-2.

26.      On or about December 18, 2009, TAPPERT fraudulently obtained the property by causing a fraudulent deed to be filed with the San Juan County Clerk's Office. TAPPERT caused this deed to be filed via SimpliFile, the online filing system whose servers are located in Utah.  In turn, SimpliFile in Utah electronically filed TAPPERT's fraudulent deed with the Clark County Recorder's Office.

27.      This fraudulent deed purported to convey the interest of  Deutsche Bank National Trust Company, as trustee for Saxon Asset Securities Trust 2007-2 in 612 Diamond St. to SARALAND INVESTMENTS, an entity controlled by TAPPERT.  Although a "Henry Malchovich, Special Master," purported to sign the deed for Deutsche Bank National Trust Co., TAPPERT signed the deed as notary public.

28.      In reality, the true Deutsche Bank National Trust Co. did not convey the property to SARALAND INVESTMENTS, TAPPERT or any entity controlled by her, nor authorized anyone to do so.

29.      Subsequently, TAPPERT rented out the property, in return for a one-time fee of $4,050.

**E.      Count 6: 675 Gregory Circle, Corona, CA 92881**

30.      Prior to in or about February 2010, 675 Gregory Circle was foreclosed upon, and title was eventually conveyed to ReconTrust Company, N.A.

31.   On or about February 16, 2010, TAPPERT fraudulently obtained the property by causing a fraudulent deed to be filed with the Riverside County Assessor-County Clerk-Recorder's Office.

32.   This fraudulent deed purported to convey the interest of "Recon Trust Company N.A." [sic] in 675 Gregory Circle to "NORTHWEST PROPERTIES ASSOCIATES, ASSET-BACKED CERTIFICATES, SERIES 2006-FF1," an entity controlled by TAPPERT . A "Joseph Michaels," purported to sign the deed on behalf of "Recon Trust Company N.A." In reality, the true ReconTrust Company N.A. did not convey the property to "NORTHWEST PROPERTIES ASSOCIATES, ASSET-BACKED CERTIFICATES, SERIES 2006-FF1," TAPPERT  or any entity controlled by her, nor authorized anyone to do so.

33.   Subsequently, TAPPERT caused the property to be sold.  On or about February 20, 2010, TAPPERT, on behalf of "NORTHWEST PROPERTIES ASSOCIATES," entered into an agreement to sell this property for $490,000.

34.   This sale closed on or about March 12, 2010.  TAPPERT, on behalf of "NORTHWEST PROPERTIES ASSOCIATES," caused the escrow company to disburse this $490,000 to several of TAPPERT's nominees.  For example, on or about March 12, 2010, $60,000.00 of the proceeds was wired from the escrow company in California to DESCHUTES RIVER TITLE ASSOCIATES of Nevada, Bank of America account xxxx-xxxx-7755.

35.   In or about the dates described below, in the State and Federal District of Nevada, for the purpose of executing and attempting to execute the scheme and artifice, Defendant TAPPERT did knowingly place in any post office and authorized depository for mail matter, to be sent and delivered by the Postal Service; did knowingly deposit and cause to be deposited to be sent and delivered by any private and commercial interstate carrier; did knowingly take and receive from an authorized depository for mail; and did knowingly cause to be delivered by mail and such carrier according to the direction

7

thereon, and at the place at which it was directed to be delivered by the person to whom it was addressed, the following matter:

| Count | Date | Mailing |
|-------|------|---------|
| 1 | November 2009 | A rent check of $1,000.00 from tenant M.C. to the AMARI GROUP, an entity controlled by TAPPERT. |
| 2 | December 2009 | A rent check of $1,000.00 from tenant M.C. to the AMARI GROUP, an entity controlled by TAPPERT. |

All in violation of Title 18, United States Code, Section 1341.

## COUNTS THREE TO SIX
### Wire Fraud

36.     The allegations set forth in the Introduction and Counts One and Two are re-alleged and incorporated herein.

37.     On or about the dates identified below, in the State and Federal District of Nevada and elsewhere,

### KAREN TAPPERT,

defendant herein, did devise and intend to devise, and participate in a scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing the scheme did cause to be transmitted by means of wire communication in interstate commerce the following writings, signs, signals, and sounds, with each transmission constituting a separate violation of Title 18, United States Code, Section 1343:

.   .   .

.   .   .

.   .   .

.   .   .

.   .   .

8

| Count | Date | Wire |
|-------|------|------|
| 3 | November 25, 2009 | Debit card payment for online filing of fraudulent UCC-1 with Washington State Department of Licensing, sent from Nevada to Bank of America account, xxxx-xxxx-6853. |
| 4 | December 22, 2009 | Online filing of fraudulent deed, sent from SimpliFile in Utah to Clark County Recorder's Office in Nevada. |
| 5 | December 18, 2009 | Online filing of fraudulent deed, sent from SimpliFile in Utah to San Juan County Clerk's Office in New Mexico. |
| 6 | March 12, 2010 | Wire transfer of $60,000.00 sent from Castlehead Inc. Escrow of California to DESCHUTES RIVER TITLE ASSOCIATES of Nevada, Bank of America account xxxx-xxxx-7755. |

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

9

## FORFEITURE ALLEGATION ONE
### Mail Fraud

1.     The allegation of Counts One and Two of this Indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2.     Upon a conviction of the felony offenses charged in Counts One and Two of this Indictment,

### KAREN TAPPERT,

defendant herein, shall forfeit to the United States of America, any property which constitutes or is derived from proceeds traceable to violations of Title 18, United States Code, Section 1341, a specified unlawful activity as defined in Title 18, United States Code, Sections 1956(c)(7)(A) and 1961(1)(B), or a conspiracy to commit such offense, an *in personam* criminal forfeiture money judgment up to $127,009.11 in United States Currency.

3.     If any property being subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant –

    a.     cannot be located upon the exercise of due diligence;

    b.     has been transferred or sold to, or deposited with, a third party;

    c.     has been placed beyond the jurisdiction of the court;

    d.     has been substantially diminished in value; or

    e.     has been commingled with other property that cannot be divided without difficulty;

it is the intent of the United States of America, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any properties of the defendants for an *in personam* criminal forfeiture money judgment up to $127,009.11 in United States Currency. All

pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 1341, a specified unlawful activity as defined in Title 18, United States Code, Sections 1956(c)(7)(A) and 1961(1)(B); and Title 21, United States Code, Section 853(p).

## FORFEITURE ALLEGATION TWO
### Mail Fraud

1.      The allegation of Counts One and Two of this Indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to the provision of Title 18, United States Code, Section 982(a)(2)(A).

2.      Upon a conviction of the felony offense charged in Counts One and Two of this Indictment,

**KAREN TAPPERT,**

defendant herein, shall forfeit to the United States of America any property constituting, or derived from, proceeds obtained directly or indirectly as the result of such violations of Title 18, United States Code, Section 1341, or a conspiracy to commit such offense, an *in personam* criminal forfeiture money judgment up to $127,009.11 in United States Currency.

If any property being subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(2)(A), as a result of any act or omission of the defendants –

    a.      cannot be located upon the exercise of due diligence;

    b.      has been transferred or sold to, or deposited with, a third party;

    c.      has been placed beyond the jurisdiction of the court;

    d.      has been substantially diminished in value; or

    e.      has been commingled with other property that cannot be divided without difficulty;

11

it is the intent of the United States of America, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any properties of the defendants for an *in personam* criminal forfeiture money judgment up to $127,009.11 in United States Currency.

All pursuant to Title 18, United States Code, Sections 982(a)(2)(A) and 1341; and Title 21, United States Code, Section 853(p).

## FORFEITURE ALLEGATION THREE
### Wire Fraud

1.    The allegation of Count Three of this Indictment is hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2.    Upon a conviction of the felony offense charged in Count Three of this Indictment,

### KAREN TAPPERT,

defendant herein, shall forfeit to the United States of America, any property which constitutes or is derived from proceeds traceable to violations of Title 18, United States Code, Section 1343, a specified unlawful activity as defined in Title 18, United States Code, Sections 1956(c)(7)(A) and 1961(1)(B), or a conspiracy to commit such offense, an *in personam* criminal forfeiture money judgment up to $261,011.67 in United States Currency.

3.    If any property being subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant –

a.    cannot be located upon the exercise of due diligence;

b.    has been transferred or sold to, or deposited with, a third party;

c.    has been placed beyond the jurisdiction of the court;

d.    has been substantially diminished in value; or

12

1       e.     has been commingled with other property that cannot be divided without

2             difficulty;

3  it is the intent of the United States of America, pursuant to Title 21, United States Code,

4  Section 853(p), to seek forfeiture of any properties of the defendants for an *in personam*

5  criminal forfeiture money judgment up to $261,011.67 in United States Currency.

6         All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28,

7  United States Code, Section 2461(c); Title 18, United States Code, Section 1343, a

8  specified unlawful activity as defined in Title 18, United States Code, Sections 1956(c)(7)(A)

9  and 1961(1)(B); and Title 21, United States Code, Section 853(p).

10  **FORFEITURE ALLEGATION FOUR**<br>**Wire Fraud**

11

12       1.     The allegation of Count Three of this Indictment is hereby realleged and

13  incorporated herein by reference for the purpose of alleging forfeiture pursuant to the

14  provision of Title 18, United States Code, Section 982(a)(2)(A).

15       2.     Upon a conviction of the felony offense charged in Count Three of this

16  Indictment,

17  **KAREN TAPPERT,**

18  defendant herein, shall forfeit to the United States of America any property constituting, or

19  derived from, proceeds obtained directly or indirectly as the result of such violations of Title

20  18, United States Code, Section 1343, or a conspiracy to commit such offense, an *in*

21  *personam* criminal forfeiture money judgment up to $261,011.67 in United States Currency.

22         If any property being subject to forfeiture pursuant to Title 18, United States Code,

23  Section 982(a)(2)(A), as a result of any act or omission of the defendants –

24       a.     cannot be located upon the exercise of due diligence;

25       b.     has been transferred or sold to, or deposited with, a third party;

26       c.     has been placed beyond the jurisdiction of the court;

           d.     has been substantially diminished in value; or

13

e.   has been commingled with other property that cannot be divided without difficulty;

it is the intent of the United States of America, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any properties of the defendants for an *in personam* criminal forfeiture money judgment up to $261,011.67 in United States Currency.

All pursuant to Title 18, United States Code, Sections 982(a)(2)(A) and 1343; and Title 21, United States Code, Section 853(p).

### FORFEITURE ALLEGATION FIVE
### Wire Fraud

1.   The allegation of Count Four of this Indictment is hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2.   Upon a conviction of the felony offense charged in Count Four of this Indictment,

### KAREN TAPPERT,

defendant herein, shall forfeit to the United States of America, any property which constitutes or is derived from proceeds traceable to violations of Title 18, United States Code, Section 1343, a specified unlawful activity as defined in Title 18, United States Code, Sections 1956(c)(7)(A) and 1961(1)(B), or a conspiracy to commit such offense, an *in personam* criminal forfeiture money judgment up to $108,750.00 in United States Currency.

3.   If any property being subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant –

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third party;

14

c.      has been placed beyond the jurisdiction of the court;

d.      has been substantially diminished in value; or

e.      has been commingled with other property that cannot be divided without difficulty;

it is the intent of the United States of America, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any properties of the defendants for an *in personam* criminal forfeiture money judgment up to $108,750.00 in United States Currency.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 1343, a specified unlawful activity as defined in Title 18, United States Code, Sections 1956(c)(7)(A) and 1961(1)(B); and Title 21, United States Code, Section 853(p).

**FORFEITURE ALLEGATION SIX**
**Wire Fraud**

1.      The allegation of Count Four of this Indictment is hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to the provision of Title 18, United States Code, Section 982(a)(2)(A).

2.      Upon a conviction of the felony offense charged in Count Four of this Indictment,

**KAREN TAPPERT,**

defendant herein, shall forfeit to the United States of America any property constituting, or derived from, proceeds obtained directly or indirectly as the result of such violations of Title 18, United States Code, Section 1343, or a conspiracy to commit such offense, an *in personam* criminal forfeiture money judgment up to $108,750.00 in United States Currency.

If any property being subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(2)(A), as a result of any act or omission of the defendants –

. . .

a.     cannot be located upon the exercise of due diligence;

b.     has been transferred or sold to, or deposited with, a third party;

c.     has been placed beyond the jurisdiction of the court;

d.     has been substantially diminished in value; or

e.     has been commingled with other property that cannot be divided without difficulty;

it is the intent of the United States of America, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any properties of the defendants for an *in personam* criminal forfeiture money judgment up to $108,750.00 in United States Currency.

All pursuant to Title 18, United States Code, Sections 982(a)(2)(A) and 1343; and Title 21, United States Code, Section 853(p).

## FORFEITURE ALLEGATION SEVEN
### Wire Fraud

1.     The allegation of Count Five of this Indictment is hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2.     Upon a conviction of the felony offense charged in Count Five of this Indictment,

### KAREN TAPPERT,

defendant herein, shall forfeit to the United States of America, any property which constitutes or is derived from proceeds traceable to violations of Title 18, United States Code, Section 1343, a specified unlawful activity as defined in Title 18, United States Code, Sections 1956(c)(7)(A) and 1961(1)(B), or a conspiracy to commit such offense, an *in personam* criminal forfeiture money judgment up to $293,250.00 in United States Currency.

16

3.    If any property being subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant –

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property that cannot be divided without difficulty;

it is the intent of the United States of America, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any properties of the defendants for an *in personam* criminal forfeiture money judgment up to $293,250.00 in United States Currency.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 1343, a specified unlawful activity as defined in Title 18, United States Code, Sections 1956(c)(7)(A) and 1961(1)(B); and Title 21, United States Code, Section 853(p).

## FORFEITURE ALLEGATION EIGHT
### Wire Fraud

1.    The allegation of Count Five of this Indictment is hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to the provision of Title 18, United States Code, Section 982(a)(2)(A).

2.    Upon a conviction of the felony offense charged in Count Five of this Indictment,

### KAREN TAPPERT,

defendant herein, shall forfeit to the United States of America any property constituting, or derived from, proceeds obtained directly or indirectly as the result of such violations of Title

17

1  18, United States Code, Section 1343, or a conspiracy to commit such offense, an *in*
2  *personam* criminal forfeiture money judgment up to $293,250.00 in United States Currency.

3        If any property being subject to forfeiture pursuant to Title 18, United States Code,
4  Section 982(a)(2)(A), as a result of any act or omission of the defendants –

5        a.    cannot be located upon the exercise of due diligence;

6        b.    has been transferred or sold to, or deposited with, a third party;

7        c.    has been placed beyond the jurisdiction of the court;

8        d.    has been substantially diminished in value; or

9        e.    has been commingled with other property that cannot be divided without
10            difficulty;

11  it is the intent of the United States of America, pursuant to Title 21, United States Code,
12  Section 853(p), to seek forfeiture of any properties of the defendants for an *in personam*
13  criminal forfeiture money judgment up to $293,250.00 in United States Currency.

14        All pursuant to Title 18, United States Code, Sections 982(a)(2)(A) and 1343; and
15  Title 21, United States Code, Section 853(p).

16                      **FORFEITURE ALLEGATION NINE**
                             **Wire Fraud**
17

18        1.    The allegation of Count Six of this Indictment is hereby realleged and
19  incorporated herein by reference for the purpose of alleging forfeiture pursuant to the
20  provisions of Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States
21  Code, Section 2461(c).

22        2.    Upon a conviction of the felony offense charged in Count Six of this
23  Indictment,

24                        **KAREN TAPPERT,**

25  defendant herein, shall forfeit to the United States of America, any property which
26  constitutes or is derived from proceeds traceable to violations of Title 18, United States

18

Code, Section 1343, a specified unlawful activity as defined in Title 18, United States Code, Sections 1956(c)(7)(A) and 1961(1)(B), or a conspiracy to commit such offense, an *in personam* criminal forfeiture money judgment up to $490,000.00 in United States Currency.

3. If any property being subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant –

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property that cannot be divided without difficulty;

it is the intent of the United States of America, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any properties of the defendants for an *in personam* criminal forfeiture money judgment up to $490,000.00 in United States Currency.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 1343, a specified unlawful activity as defined in Title 18, United States Code, Sections 1956(c)(7)(A) and 1961(1)(B); and Title 21, United States Code, Section 853(p).

## FORFEITURE ALLEGATION TEN
### Wire Fraud

1. The allegation of Count Six of this Indictment is hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to the provision of Title 18, United States Code, Section 982(a)(2)(A).

2. Upon a conviction of the felony offense charged in Count Six of this Indictment,

19

**KAREN TAPPERT,**

defendant herein, shall forfeit to the United States of America any property constituting, or derived from, proceeds obtained directly or indirectly as the result of such violations of Title 18, United States Code, Section 1343, or a conspiracy to commit such offense, an *in personam* criminal forfeiture money judgment up to $490,000.00 in United States Currency.

If any property being subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(2)(A), as a result of any act or omission of the defendants –

a.    cannot be located upon the exercise of due diligence;

b.    has been transferred or sold to, or deposited with, a third party;

c.    has been placed beyond the jurisdiction of the court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property that cannot be divided without difficulty;

it is the intent of the United States of America, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any properties of the defendants for an *in personam* criminal forfeiture money judgment up to $490,000.00 in United States Currency.

All pursuant to Title 18, United States Code, Sections 982(a)(2)(A) and 1343; and Title 21, United States Code, Section 853(p).

**DATED**: this _16_ day of June 2010.

**A TRUE BILL:**

_/S/_
FOREPERSON OF THE GRAND JURY

DANIEL BOGDEN
United States Attorney

MICHAEL CHU
Assistant United States Attorney

20